930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Manuel Sesario DEPINEDA, Plaintiff-Appellant,
v.
Lamar SIMS, David Olivas, Norman S. Early, Jr., Defendants-Appellees.
 No. 90-1334.
 United States Court of Appeals, Tenth Circuit.
 March 20, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant, Manuel Sesario Depineda, proceeding in forma pauperis, appeals pro se from the district court's order dismissing his 42 U.S.C. Sec. 1983 complaint against Denver District Attorney, Norman S. Early, Jr. and his two deputy district attorneys, Lamar Sims and David Olivas. Plaintiff, an inmate in the custody of the Colorado State Department of Corrections, was convicted of murder in the first degree in 1988 in Denver District Court. His Sec. 1983 complaint alleged that defendant prosecutors proffered perjured testimony at his trial and caused him to be convicted in violation of the constitutional prohibition against ex post facto legislation. The federal district court, upon recommendation by the magistrate judge pursuant to D.Colo.R. 605, dismissed plaintiff's complaint, holding that defendant prosecutors were absolutely immune from civil liability under Sec. 1983 for their actions and conduct in prosecuting plaintiff.
 
 
 2
 In reviewing the record and construing plaintiff's pro se pleadings liberally as required by Haines v. Kerner, 404 U.S. 519, (1972), we find no legal basis for the complaint. It is well-established that "[a] prosecutor is absolutely immune for activities which are 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir.1990) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). Plaintiff's complaint points to improprieties which allegedly occurred during the course of his trial. Clearly, prosecutorial conduct at trial occurs in the course of "pursuing a criminal prosecution." Id. Therefore, defendants' alleged conduct fits squarely within the absolute immunity rule and we may affirm the district court's dismissal because the action is frivolous under 28 U.S.C. Sec. 1915(d). Under Sec. 1915(d), a judge may dismiss as frivolous "a claim based on an indisputably meritless legal theory ...;" an example of such a claim is one "against which it is clear that the defendants are immune from suit." Neitzke v. Williams, 490 U.S. 319, 327 (1989). See also McKinney v. Oklahoma, No. 90-6282, (10th Cir. Feb. 8, 1991) (discussion of the standard for dismissal under Sec. 1915(d) and Fed.R.Civ.P. 12(b)(6)). Accordingly, we affirm the district court.[1]
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff further contends that defendants defaulted by not filing a notice of appearance as required by 10th Cir.R. 46.1. This argument is meritless because defendants' counsel filed a brief, and the rule expressly provides that "attorneys who authorize their names to appear on papers filed in this court shall be deemed to have entered an appearance...." 10th Cir.R. 46.1